IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                                                                      REPORT AND
v.                    Plaintiff,                            RECOMMENDATION

THOMAS THAYER,                                                 20-cr-88-jdp

                              Defendant.
_____

REPORT

On July 9, 2020, the grand jury returned a one-count indictment (dkt. 2) charging Thomas Thayer with violating 18 U.S.C. § 2250 by unlawfully failing to update his registration as a sex offender as required by the federal Sex Offender Registration and Notification Act (SORNA) after he moved from Minnesota to Wisconsin. Thayer has moved to dismiss the indictment, contending that his state conviction in Minnesota does not qualify as a "sex offense" as defined by SORNA, which means that he had no duty to register in the first place, let alone update his registration. *See* dkt. 12. The government disagrees, contending that Thayer's conviction *does* qualify as a sex offense under SORNA. *See* dkt. 16. For the reasons stated below, I am recommending that the court grant Thayer's motion to dismiss.

The parties do not dispute the facts underlying Thayer's state conviction or the wording of the Minnesota statute(s) that criminalized Thayer's conduct. What they dispute is *how* this court should determine whether Thayer's state conviction qualifies as a "sex offense" under SORNA. Relying primarily (but not exclusively) on *United States v. Walker*, 931 F.3d 576 (7th Cir. 2019), Thayer contends that this court must use the categorical approach to make this determination: if there's not a categorical match between the statute of conviction and SORNA's definition of a sex offense, then the analysis is over and Thayer prevails.

Not so fast, counters the government: it is appropriate in this case to use the circumstance-specific approach to determine whether the elements of Thayer's state conviction is a sex offense under SORNA. Under that approach, contends the government, the answer is "yes," and this court must deny Thayer's motion.

As discussed below, it appears that Thayer is correct: this court must determine if there is a categorical match between the elements of Thayer's state court conviction and SORNA's definition of a sex offense, without regard to the underlying facts. Because there is no match, Thayer's conviction does not require him to register as a sex offender under SORNA.

BACKGROUND FACTS AND STATUTES

On November 20, 2003, Thayer pled guilty in Minnesota state court to one count of Fourth Degree Criminal Sexual Conduct, in violation of Minn. Stat. 609.345(b). The plea hearing documents included the three-count criminal complaint filed against Thayer, which included a law enforcement officer's sworn probable cause statement for the count to which Thayer pled guilty. According to this statement, Thayer's daughter (JB) had reported that

> On the night in question, she was with her father at a relative's home near Brainerd. At some point in the evening, they left that residence and drove to the defendant's trailer in Mille Lacs County. JB stated that they slept on the floor, and at one point she awoke to find her pants and underwear pulled aside, her bra unhooked and the defendant had his hand down her pants and was touching her vaginal area. JB was unsure whether she was penetrated or not. . . . .
>
> Officers interviewed the defendant on two occasions . . . .. During the course of those interviews, the defendant admitted to being drunk on the night in question and "finding himself in a bad position" with his daughter. The defendant told officers that he must have mistaken his daughter for his wife.
>
> Dkt. 16-1 at 3.

Minn. Stat. 609.345(b) states:

A person who engages in sexual contact with another person is guilty of criminal sexual conduct in the fourth degree if any of the following circumstances exists:

> (b) the complainant is at least 13 but less than 16 years of age and the actor is more than 48 months older than the complainant or in a position of authority over the complainant. Consent by the complainant to the act is not a defense.

Minn. Stat. 609.341(10) states:

"Current or recent position of authority" includes but is not limited to any person who is a parent or acting in the place of a parent . . . or a person charged with or assumes any duty or responsibility for the health, welfare, or supervision of a child, either independently or through another, no matter how brief.

Minn. Stat. 609.341(11)(a) states:

"Sexual contact," for the purposes of section[ ] 609.343, includes any of the following acts committed without the complainant's consent, except in those cases where consent is not a defense, and committed with sexual or aggressive intent:

> (i) the intentional touching by the actor of the complainant's intimate parts;
>
> * * *
>
> (iv) in any of the cases above, the touching of the clothing covering the immediate area of the intimate parts.

Minn. Stat. 609.341(5) states:

> "Intimate parts" includes the primary genital area, groin, inner thigh, buttocks or breast of a human being.

Pursuant to Minn. Stats. 243.166(1)(a)(iii) & (6)(a), Thayer was required to register as a "predatory offender" for a period of ten years.

SORNA provides these definitions at 34 U.S.C. § 20911:

(1) The term "sex offender" means an individual who was convicted of a sex offense.

(5) (A) Except as limited by subparagraph (B) or (C), the term "sex offense" means–

>> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> (ii) a criminal offense that is a specified offense against a minor;[1]
>
> \* \* \*
>
> (C) An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

The term "sexual contact" is defined by 18 U.S.C. § 2246(3) as

> the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

## ANALYSIS

Thayer argues that this court must use the categorical approach to compare and contrast the statutory terms definitions of the Minnesota statutes to the SORNA statutes. Once this is done, contends Thayer, it will be clear that there is no match: Thayer's conviction does not qualify as a sex offense under SORNA. In *United States v. Walker*, 931 F.3d 576, the determination whether the defendant was required to register under SORNA hinged on determining how his state court conviction fit into SORNA's tier classifications. The court employed the categorical approach:

---

[1] § 20911(7) defines a "specified offense against a minor" to mean an offense against a minor that includes non-parental kidnaping, non-parental false imprisonment, solicitation to engage in prostitution or sexual conduct, use in a sexual performance, video voyeurism, possession, production, or distribution of child pornography, criminal sexual conduct involving a minor, or "any conduct that by its nature is a sex offense against a minor."

4

> Because SORNA instructs us to compare Walker's offense to the "offenses" described in corresponding sections of the Federal Criminal Code, we employ the "categorical approach." Under the categorical approach, the actual facts underlying the defendant's conviction don't matter. Instead, the court compares the elements of the predicate offense–i.e., the facts *necessary* for conviction–to the elements of the relevant federal offense. If the elements of the predicate offense are the same (or narrower) than the federal offense, there is a categorical match. But if the elements of the state conviction sweep more broadly such that there is a realistic probability that the State would apply its statue to conduct that falls outside the definition of the federal crime, then the prior offense is not a categorical match.
>
> 931 F.3d at 579, emphasis in original, citations omitted.

As far as Thayer is concerned, that's game, set, match on his dismissal motion because there is no categorical match in this case.

Thayer notes first that Minnesota's "Romeo & Juliet" carve-out for consensual sexual conduct does not match SORNA's carve-out: although the age parameters of the statutes match, Minnesota imposes a limitation that SORNA does not: Minnesota does not give a pass to a defendant who is in a position of authority over the complainant regardless of the proximity of their ages. This limitation would apply only to the narrowest of circumstances: the defendant would have to be no more than four years older than a 13- to 15-year old victim *and* be in a position of authority over that victim. But as Thayer points out, Minnesota courts have found that an (adult) after-school tutor was in a position of authority over his 13-year old victim. *State v. Gabrelcik*, 2009 WL 25956093 (Minn. Ct. App. 2009).

Is there a realistic probability that an assistant county attorney in Minnesota actually would charge fourth degree sexual contact against a teenaged tutor who had consensual sexual contact with his close-in-age tutee? I doubt it. If this was the only categorical difference that Thayer flagged in his motion, then he would be on thin ice.

5

Thayer's second point has more traction. Thayer notes that Minnesota's mens rea requirement for fourth degree sexual contact is disjunctive: the state must prove *either* sexual intent *or* aggressive intent, it does not have to prove both. *See, e.g. State v. Austin*, 788 N.W.2d 788, 791-92 (Minn. App. 2010) ("because 'sexual' and 'aggressive' are stated as alternatives, either is sufficient"); *State v. Ahmed*, 782 N.W.2d 253, (Minn. App. 2010) (the requirement of sexual or aggressive intent is disjunctive); *Cf. State v. Chandler,* 2013 WL 5612549 (Minn. App. 2013) (defendant is guilty of second degree sexual conduct for belt-whipping toddler across his genitals and buttocks in anger: sexual intent was not required; aggressive intent was enough). Two points are clear from this: (1) the elements of fourth degree sexual contact sweep more broadly than SORNA's definition of a sex offense, and (2) Minnesota *does* apply its statue to conduct that falls outside the definition of the federal crime. As a result, there is no categorical match here. That should be the end of the analysis.

The government concedes nothing, although it does not cite, let alone distinguish, *Walker.*[2] Instead, the government cites to *United States v. Rogers*, 804 F.3d 1233 (7th Cir. 2015), in which the court held that the "fact-specific language" of SORNA's "Romeo & Juliet" carve-out at § 20911(5)(C) required interpretation through a conduct-based inquiry rather than the categorical approach. *Id.* at 1237. The government then observes that some of the acts constituting a "specified offense against a minor" (see footnote one, above) use fact-specific language that describes conduct. *A fortiori*, argues the government, "a fact-based inquiry should

---

[2] Thayer contends that the government's failure to address this point constitutes waiver, citing *United States v. Barr*, 960 F.3d 906, 916 (7th Cir. 2020), *see* dkt. 19 at 2. Thayer is technically correct and Judge Peterson could deem the point conceded if he chooses; on the other hand, 28 U.S.C. §636(b)(1) allows Judge Peterson to declare a mulligan upon receipt of this report and recommendation, so it's best to address this dispute on its merits.

be used to determine if the defendant's prior conviction requires him to register as a sex offen[der] under SORNA, and not a mere comparison of elements of the state and federal statutes." Dkt. 16 at 6.

This argument doesn't hold up. As the government concedes, the Seventh Circuit has never used this approach. Indeed, even the court in *Rogers* did not start with a conduct-based inquiry. To the contrary, the court explicitly limited its use of the conduct-based inquiry to the language of § 20911(5)(C)'s carve-out, noting that "the basic definition of 'sex offense' in § 16911(A)(I) requires a categorical, elements-based inquiry." 804 F.3d 1237. Picking up on this, the court in *Walker* brushed aside the government's argument in that case that the court should begin with a circumstances-specific inquiry into the ages of defendant's victims in his prior convictions, which would, said the government, resolve the dispute in its favor. This is pretty much what the government is asking this court to do in Thayer's case. The court in *Walker* would have none of it:

> That approach is inconsistent with both the text of SORNA–which, as we already have said, calls for a categorical approach–and the Supreme Court's precedent on conducting a categorical analysis. The Court has made clear that in a categorical analysis, there are no exceptions to the elemental comparison. *See Mathis v. United States* ___ U.S. ___, 136 S.Ct. 2243, 2257 (2016) ("For more than 25 years, we have repeatedly made clear that application of the [categorical approach] involves, and involves only, comparing elements.") While it may seem counterintuitive, it isn't enough to know that Walker's victims were four and six–nor is it enough to know that he satisfies the "against a minor who has not attained the age of 13" requirement of Tier III. We must first consider whether his Colorado conviction is a categorical match to "abusive sexual contact (as described in section 2244 of title 18)." 34 U.S.C. § 20911(3)(A)(iv) & (4)(A)(ii). If it is, we *then* consider the age of the victim to complete the tier-classification determination.

931 F.3d at 581, emphasis in original.

The Supreme Court in *Mathis*, an Armed Career Criminal Act case involving the definition of "burglary," broke this out further:

> Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct–his particular means of committing the crime–falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain as they ever were–just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2257.

As if more were needed on this point, in Thayer's reply he cites *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204, 1217-18 (2018), and *Shular v. United States*, ___ U.S. __, 140 S.Ct. 779, 784 (2020), for the proposition that it is inappropriate to apply the circumstances-specific approach in place of the categorical approach. These cases don't advance the instant analysis much. In *Sessions*, an immigration case, the Court looked at the wording of the statute at issue to determine which interpretive approach to employ. 138 S.Ct. at 1217 ("§ 16(b)'s text creates no draw: best read, it demands a categorical approach"). In *Shular*, an ACCA case, the parties *agreed* that § 924(e)(2)(A)(ii) required a categorical approach. 140 S.Ct. at 784. The dispute was over what type of comparison was proper. Using the categorical approach, the Court held that the definition of "serious drug offense"–which was further defined as an offense under State law "involving" specified types of drug trafficking–required only that the underlying state offense involve the conduct specified in the federal statute; it did not require that the state offense match certain generic offenses. *Id.* at 782. Worth noting in this case, the federal statute's use of the word "involving" did not cause the Court to employ a circumstances-specific analysis. This undermines the government's contention that use of the verb "involves" in §

8

20911(5)(A)(ii) requires a fact-based inquiry to determine if Thayer's state conviction qualifies as a "sex offense" under SORNA.

Third, and most critically, the elements of Minnesota's fourth degree sexual contact statute *do not require sexual conduct*. Aggressive intent is enough, and it is categorically separated from sexual intent, as demonstrated by the cases cited above. The state has convicted defendants for the non-sexual intentional touching of their victims' intimate parts with aggressive intent. There is no categorical match between the Minnesota statute under which Thayer was convicted and SORNA's definition of "sex offense."[3] Therefore Thayer is not a "sex offender" for the purposes of SORNA, which means he had no duty to register.[4]

---

[3] To be clear, I also have found that Thayer has established an elemental distinction between the two "Romeo & Juliet" carve-out statutes, but I question whether that elemental distinction, by itself, meets the realistic probability of application threshold noted by the court in *Walker*.

[4] In the interest of completeness, I note that in *United States v. Linngren*, 652 F.3d 868 (8th Cir. 2011), a divided court used the approach urged by the government in the instant case to determine that the defendant's prior conviction under Minn. Stat. § 609.3541(1)–criminal sexual conduct in the fifth degree–qualified as a sentence-enhancing predicate offense following defendant's federal conviction for distributing child pornography. The court held that "because the Minnesota statue criminalizes both conduct that qualifies as a predicate offense and conduct that does not, we may refer to the charging document, the terms of a plea agreement, . . . and other comparable judicial records to determine the basis for the guilty plea or verdict." *Id.* at 870.

In dissent, Judge Bye acknowledged that Eighth Circuit law allowed the court to look beyond the dichotomous mens rea language of Minnesota's statute, but that pursuant to *Taylor v. United States*, 495 U.S. 575 (1990) and *Shephard v. United States* 544 U.S. 13 (2005), it was error for the court to look at the probable cause statement submitted at the defendant's state court guilty plea. *Id.* at 872 (Bye, J., dissenting). Judge Bye also noted that the state charging document "provides no express indication as to which intent underlies Linngren's prior conviction," and that the statute's disjunctive language on sexual intent versus aggressive intent implied that the types of sexual contact engaged in by Linngren "do not *necessarily* involve sexual intent purely because of the type of conduct mentioned." *Id*. at 877, emphasis in original.

In light of *United States v. Walker,* 931 F.3d at 581, it seems that the law of this circuit aligns with the dissent in *Linngren.*

9

To pick up on then-Judge Barrett's observation in *Walker*, 931 F.3d at 581, it seems counterintuitive to ignore the facts known to this court from the criminal complaint to which Thayer pled guilty in Minnesota. It seems obvious enough that Thayer was convicted of touching his daughter with sexual intent, not aggressive intent (although Judge Bye might disagree, *see* note 4, above). But the law is clear and well-settled: this court is to employ a categorical approach to comparing the relevant statutes. "Under the categorical approach, the actual facts underlying the defendant's conviction don't matter." *Id.* at 579.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), I respectfully recommend that this court grant defendant Thomas Thayer's motion to dismiss, dkt. 12.

Entered this 4th day of January, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 N. Henry Street, Rm. 540
Madison, Wisconsin 53703

Chambers of
STEPHEN L. CROCKER
U.S. Magistrate Judge

Telephone
(608) 264-5153

January 4, 2021

Julie Suzanne Pfluger
United States Attorney's Office
222 West Washington Avenue, Ste. 700
Madison, WI 53703

Joseph Bugni
Federal Defender Services
22 East Mifflin Street, Ste. 1000
Madison, WI 53703

  Re: United States v. Thomas P. Thayer
     Case No. 20-cr-88-jdp

Dear Counsel:

  The attached Report and Recommendation has been filed with the court by the United States Magistrate Judge.

  The court will delay consideration of the Report in order to give the parties an opportunity to comment on the magistrate judge's recommendations.

  In accordance with the provisions set forth in the memorandum of the Clerk of Court for this district which is also enclosed, objections to any portion of the report may be raised by either party on or before January 21, 2021, by filing a memorandum with the court with a copy to opposing counsel.

  If no memorandum is received by January 21, 2021, the court will proceed to consider the magistrate judge's Report and Recommendation.

          Sincerely,

          /s/

          Connie A. Korth
          Secretary to Magistrate Judge Crocker

Enclosures

MEMORANDUM REGARDING REPORTS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b), the district judges of this court have designated the full-time magistrate judge to submit to them proposed findings of fact and recommendations for disposition by the district judges of motions seeking:

> (1) injunctive relief;
>
> (2) judgment on the pleadings;
>
> (3) summary judgment;
>
> (4) to dismiss or quash an indictment or information;
>
> (5) to suppress evidence in a criminal case;
>
> (6) to dismiss or to permit maintenance of a class action;
>
> (7) to dismiss for failure to state a claim upon which relief can be granted;
>
> (8) to dismiss actions involuntarily; and
>
> (9) applications for post-trial relief made by individuals convicted of criminal offenses.

Pursuant to § 636(b)(1)(B) and (C), the magistrate judge will conduct any necessary hearings and will file and serve a report and recommendation setting forth his proposed findings of fact and recommended disposition of each motion.

Any party may object to the magistrate judge's findings of fact and recommended disposition by filing and serving written objections not later than the date specified by the court in the report and recommendation. Any written objection must identify specifically all proposed findings of fact and all proposed conclusions of law to which the party objects and must set forth

with particularity the bases for these objections. An objecting party shall serve and file a copy of the transcript of those portions of any evidentiary hearing relevant to the proposed findings or conclusions to which that party is objection. Upon a party's showing of good cause, the district judge or magistrate judge may extend the deadline for filing and serving objections.

After the time to object has passed, the clerk of court shall transmit to the district judge the magistrate judge's report and recommendation along with any objections to it.

The district judge shall review de novo those portions of the report and recommendation to which a party objects. The district judge, in his or her discretion, may review portions of the report and recommendation to which there is no objection. The district judge may accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and conclusions. The district judge, in his or her discretion, may conduct a hearing, receive additional evidence, recall witnesses, recommit the matter to the magistrate judge, or make a determination based on the record developed before the magistrate judge.

**NOTE WELL: A party's failure to file timely, specific objections to the magistrate's proposed findings of fact and conclusions of law constitutes waiver of that party's right to appeal to the United States Court of Appeals.** *See United States v. Hall,* 462 F.3d 684, 688 (7th Cir. 2006).